UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:    Adairys Caballero                                           Case No.: 25-20239-CLC
                                                                      Chapter 13

_____Debtor_____/

## DEBTOR'S MOTION TO MODIFY AGREED ORDER SUSTAINING OBJECTION TO CLAIM (DOC. 41)

COMES NOW the Debtor, Adairys Caballero a/k/a Adairys Caballero Galban (the "Debtor"), by and through undersigned counsel, and moves this Court for entry of an order modifying the Agreed Order Sustaining Objection to Claim (ECF#41) (the "Agreed Order"), and in support states:

1. This case was filed on August 31, 2025.

2. Creditor TH MSR Holdings LLC f/k/a Matrix Financial Services Corporation c/o RoundPoint Mortgage Servicing LLC (the "Creditor") filed Proof of Claim No. 9 (the "Claim"), secured by the Debtor's homestead located at 14811 SW 180th Ter, Miami, Florida 33187, asserting a total claim of $315,112.51 and a stated prepetition arrearage of $1,388.98.

3. The Debtor filed an Objection to Claim (Doc. 27) requesting that the Claim be allowed as filed without distribution from the Chapter 13 Trustee, consistent with the Debtor's then-intended treatment of paying the mortgage direct/outside the plan.

4. Creditor filed a response indicating it had no objection to the Claim being allowed as filed with no distribution from the Trustee.

5. The Court entered the Agreed Order (Doc. 41), which provides, in relevant part, that the Claim "will be allowed with no distribution from the Chapter 13 Trustee."

6. Thereafter, Creditor filed a Motion for Relief from Stay (Doc. 43) alleging the Debtor is delinquent on postpetition payments in the amount of $9,757.10.

7. The Debtor is filing a Second Amended Chapter 13 Plan changing the mortgage

LF-70 (rev. 12/01/09)

treatment from "direct pay" to cure and maintain (i.e., curing defaults and maintaining ongoing payments going forward).

8. The Agreed Order's "no distribution from the Trustee" language was appropriate under the prior "direct pay" treatment but now creates a conflict with the Debtor's proposed cure-and-maintain treatment, which necessarily contemplates Trustee disbursements consistent with the confirmed plan.

9. Cause exists to modify the Agreed Order solely to remove that administrative conflict and to authorize Trustee distributions on the Claim to the extent provided by the confirmed plan, including any confirmed amended plan, while preserving all lien rights and all parties' rights to dispute amounts, fees, escrow changes, and postpetition charges.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order modifying Doc. 41 consistent with the argument herein and granting such other and further relief as is just and proper.

I HEREBY CERTIFY that a I am admitted to the Bar of the United States District court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF ReShaundra Suggs, Esq. and on all parties entitled to notice on January 20, 2026.

Dated: January 20, 2026

| | |
|---|---|
| Respectfully submitted:<br>January 20, 2026 | **Jose A. Blanco, P.A.**<br>By: */s/ Jose A. Blanco* \| FBN: 062449<br>Attorney for Debtor(s)<br>102 E 49th ST<br>Hialeah, FL 33013,<br>Tel. (305) 349-3463<br>E-mail: jose@blancopa.com |

LF-70 (rev. 12/01/09)