UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re: Adairys Caballero

Debtor /

Case No.: 25-20239-CLC
Chapter 13

**OBJECTION TO CREDITOR'S MAY 22, 2026 NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES, AND CHARGES; MOTION TO DETERMINE FEES, EXPENSES, AND CHARGES UNDER FED. R. BANKR. P. 3002.1(E); AND REQUEST FOR ATTORNEY'S FEES AND COSTS**

**IMPORTANT NOTICE TO CREDITOR: THIS IS AN OBJECTION TO YOUR CLAIM**

**This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended. Upon the filing of this objection an expedited hearing on this objection will be scheduled on the date already scheduled for the confirmation hearing in accordance with Local Rule 3007-1(B)(2).**

COMES NOW the Debtor, Adairys Caballero (the "Debtor"), by and through undersigned counsel, and files this Objection and Motion to determine the validity of the fees, expenses, and charges asserted by TH MSR Holdings LLC c/o RoundPoint Mortgage Servicing LLC (the "Creditor") in its Notice of Postpetition Mortgage Fees, Expenses, and Charges filed on May 22, 2026 as a supplement to Proof of Claim No. 9 (the "May 22 Notice"), pursuant to Fed. R. Bankr. P. 3002.1(e), and states:

**Background**

1. The Debtor filed this Chapter 13 case on August 31, 2025.
2. Creditor filed Proof of Claim No. 9, secured by the Debtor's principal residence located at 14811 SW 180th Terrace, Miami, Florida 33187.
3. On January 30, 2026, Creditor filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges asserting the aggregate $525.00 secured-creditor attorney's fee permitted under the Court's safe-harbor guidelines for the proof of claim, plan review, monitoring, and related preconfirmation services.
4. The Debtor's confirmed Fourth Amended Chapter 13 Plan, ECF#76, provides for payment

through the plan of the January 30, 2026 Notice in the amount of $525.00.

5. On January 14, 2026, Creditor filed its first Motion for Relief from Stay at ECF#43. The Court denied that motion by ECF#55. No separate award of attorney's fees or costs in connection with ECF#43 is reflected in the order or docket entry.

6. On February 13, 2026, Creditor filed a second Motion for Relief from Stay at ECF#60 concerning the same mortgage, property, and postpetition payment dispute.

7. The parties subsequently resolved ECF#60 through the Order Denying Motion for Relief from Stay entered at ECF#79. That Order specifically awarded Creditor $612.50 in attorney's fees and $199.00 in costs for a total of $811.50, expressly payable through the Debtor's Chapter 13 Plan.

8. On May 6, 2026, the Court entered ECF#87 confirming the Debtor's Fourth Amended Chapter 13 Plan according to its terms.

9. On May 22, 2026, Creditor filed the May 22 Notice asserting the following additional amounts: Attorney's fees dated January 14, 2026: $1,350.00; Filing fees and court costs dated January 14, 2026: $199.00; and Six property-inspection charges of $30.00 each: $180.00.

10. The May 22 Notice therefore asserts an additional total of $1,729.00 against the Debtor and her principal residence.

11. The supporting invoice identifies the $1,350.00 attorney's fee and $199.00 cost as charges for a "Motion for Relief." The Notice does not explain how those charges differ from or remain recoverable in addition to the amounts specifically awarded through ECF#79 and already provided for under the confirmed plan.

12. The May 22 Notice also checks "No" in response to the question asking whether it supplements a prior notice, notwithstanding Creditor's January 30, 2026 Notice.

13. The May 22 Notice does not identify the amounts previously approved by the Court

through ECF#79, despite the form's instruction that prior Court approval be identified.

14. Before filing this Motion, Debtor's counsel sent Creditor's counsel a written request that the May 22 Notice be withdrawn or corrected within seven days to conform to the confirmed plan and ECF#79.

15. Creditor did not respond and did not withdraw or amend the May 22 Notice, necessitating this Motion.

**Grounds for Objection**

16. Under Fed. R. Bankr. P. 3002.1(e), the Court must determine whether payment of any challenged fee, expense, or charge is required by the underlying mortgage agreement and applicable nonbankruptcy law.

17. The Creditor bears the burden of establishing its contractual entitlement to the challenged amounts and their reasonableness and necessity.

**A. The additional $1,350.00 attorney's fee and $199.00 cost should be disallowed.**

18. The confirmed plan already provides for the Creditor's aggregate $525.00 safe-harbor fee for its preconfirmation proof-of-claim, plan-review, monitoring, negotiation, and related services.

19. ECF#79 separately adjudicated the attorney's fees and costs recoverable in connection with the parties' stay-relief dispute and awarded the Creditor $612.50 in attorney's fees and $199.00 in costs, payable through the plan.

20. The May 22 Notice nevertheless seeks another $1,350.00 in attorney's fees and another $199.00 filing fee arising from the same continuing dispute concerning the Debtor's postpetition mortgage default and the Creditor's efforts to obtain stay relief.

21. Although the May 22 Notice dates the charges to the filing of ECF#43, the first stay-relief motion was denied, and no order awarded the Creditor $1,350.00 in attorney's fees or $199.00 in costs in connection with that motion.

22. The Creditor thereafter filed ECF#60 concerning the same property and default, and the entire stay-relief dispute was ultimately resolved through ECF#79, which fixed the recoverable attorney's fees and costs and provided for their payment through the Chapter 13 Plan.

23. The May 22 Notice does not provide billing entries, time records, hourly rates, or a sufficient description of services establishing that the additional $1,350.00 is nonduplicative, reasonable, necessary, and contractually recoverable in addition to the amounts already being paid.

24. The Notice likewise does not explain why the additional January 14, 2026 filing fee should be shifted to the Debtor in addition to the $199.00 cost specifically awarded under ECF#79.

25. Under the Southern District of Florida's Guidelines for Chapter 13 Secured Creditor's Attorneys' Fees Claims under Rule 3002.1(c), the aggregate safe-harbor amount is $525.00. A secured creditor seeking additional attorney's fees outside the guidelines should proceed by separate fee application or motion based upon the work performed in the particular case.

26. Creditor did not file a separate fee application or motion seeking allowance of the additional $1,350.00 attorney's fee now asserted in the May 22 Notice.

27. The additional $1,350.00 attorney's fee and $199.00 cost should therefore be disallowed as duplicative, unsupported, unreasonable, inconsistent with ECF#79, and inconsistent with the binding treatment established by the confirmed plan.

**B. The $180.00 in property-inspection fees should be disallowed.**

28. The May 22 Notice also seeks six consecutive monthly property-inspection charges of $30.00 each, dated December 15, 2025; January 10, 2026; February 7, 2026; March 3, 2026; April 2, 2026; and May 1, 2026.

29. The property is the Debtor's occupied principal residence, and the Creditor was actively

participating in this case and litigating the status of the mortgage throughout the period in question.

30. The Notice does not explain why six monthly inspections were necessary, what each inspection involved, what conditions were observed, or how each inspection was required by the underlying mortgage agreement and applicable nonbankruptcy law.

31. Moreover, the supporting servicing records contain the notation "Possible Duplicate Invoice, Multiple Inspections," further calling into question the necessity and accuracy of the inspection charges.

32. Mere evidence that a servicing vendor generated an invoice does not establish that the charge was necessary, reasonable, contractually recoverable, or properly assessed against the Debtor and her residence.

33. The $180.00 in inspection charges should therefore be disallowed. Alternatively, Creditor should be required to present competent evidence establishing the contractual basis, necessity, reasonableness, performance, and nonduplicative nature of each inspection.

**C. Attorney's fees and costs incurred in bringing this Motion should be awarded.**

34. Rule 3002.1 requires the claim holder to provide complete and accurate information concerning all fees, expenses, and charges it asserts are recoverable.

35. The May 22 Notice inaccurately states that it does not supplement a prior notice, fails to identify the amounts previously approved by the Court, and seeks amounts that are duplicative of or inconsistent with the confirmed plan and ECF#79.

36. Debtor's counsel provided Creditor with an opportunity to withdraw or correct the Notice without Court intervention, but Creditor did not respond.

37. Creditor's failure to provide accurate information and correct the Notice caused the Debtor to incur attorney's fees and costs in preparing, filing, serving, and prosecuting this Motion.

38. Pursuant to Fed. R. Bankr. P. 3002.1(h)(2), the Debtor requests an award of her reasonable

attorney's fees and costs caused by Creditor's noncompliance, in an amount to be established by affidavit or determined at the hearing.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order: A. Sustaining the Debtor's Objection and granting this Motion under Fed. R. Bankr. P. 3002.1(e); B. Determining that the additional $1,350.00 attorney's fee, $199.00 cost, and $180.00 in inspection fees asserted in the May 22 Notice are not required to be paid by the Debtor or from the Debtor's principal residence; C. Disallowing the May 22 Notice in its entirety, totaling $1,729.00; D. Directing Creditor and its mortgage servicer to remove the disallowed amounts from the Debtor's mortgage account, internal servicing records, and any recoverable corporate-advance or fee balance; E. Directing Creditor to withdraw the May 22 Notice or file a corrected notice consistent with the Court's ruling within fourteen days; F. Confirming that nothing in the resulting Order affects the separate $525.00 January 30, 2026 safe-harbor fee or the $612.50 attorney's fee and $199.00 cost awarded under ECF#79, which are already provided for under the confirmed plan; G. Awarding the Debtor reasonable attorney's fees and costs incurred in connection with this Motion pursuant to Fed. R. Bankr. P. 3002.1(h)(2), in an amount to be established by affidavit or determined at hearing; and H. Granting such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully submitted:
July 28, 2026

**Jose A. Blanco, P.A.**
By: */s/ Jose A. Blanco* | FBN: 062449
Attorney for Debtor(s)
102 E 49th ST
Hialeah, FL 33013,
Tel. (305) 349-3463
E-mail: jose@blancopa.com